NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRISMATIC DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE AND P. BARRETO, INC. <br><br> Defendants. | Civil Action No. 08-2818 (SDW-MCA) <br><br> **OPINION** <br><br> December 18, 2008 |

**WIGENTON**, District Judge

Plaintiff Prismatic Development Corporation, Inc. has filed an interpleader action regarding $249,122 (the "Fund") it owes to Defendant P. Barreto, Inc. Barreto is indebted to the Internal Revenue Service for $970,875.71. Prismatic seeks to have the Fund deposited with the Court so that each party's right to the Fund can be established. Barreto has never responded to Prismatic's Complaint or otherwise appeared in this action. Before the Court is Prismatic's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Barreto. The IRS opposes the motion only to the extent Prismatic seeks attorney's fees. The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is granted in part and denied in part.

**I. Factual and Procedural Background**

Barreto is indebted to the United States in excess of $970,875.71 based on its failure to pay employment taxes withheld from its employees. (Compl. ¶ 6; Elliott Decl. Ex. 102–03.) Several federal tax liens have arisen from this liability. (Elliott Decl. Ex. 103.) Prismatic owes

or may owe Barreto $249,122 for Barreto's work under a subcontract involving a construction project located at Essex County Hospital (the "Subcontract").  (Compl. ¶ 4.)  On or about February 29, 2008, the IRS served Prismatic with a notice of levy, asserting rights to the Fund attributable to Barreto but being held by Prismatic.  (Compl. ¶ 6.)  Barreto claims that the IRS's levy does not attach to Fund.  (Compl. ¶ 7.)  Prismatic is uncertain about the rights of the IRS and Barreto with respect to the Fund.  (Compl. ¶ 2.)  Prismatic filed a complaint against the IRS and Barreto in New Jersey Superior Court on April 11, 2008.  The Complaint seeks that: (1) the Fund be deposited with the Court; (2) Barreto "execute and deliver to Prismatic all documents upon which final payment is conditioned in the Subcontract"; (3) Defendants be directed to "interplead their rights to the Fund"; (4) costs and disbursements be paid out of the fund; and (5) Prismatic be granted counsel fees out of the fund.  (Compl. ¶ 3.)  On June 6, 2008, the IRS removed the case to this Court pursuant to 28 U.S.C. § 1444.  To date, Barreto has not answered or otherwise appeared in this case.  The Clerk of Court entered default against Barreto on September 19, 2008.  Prismatic filed the current Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on October 1, 2008.  Prismatic seeks that the Fund be deposited with the Court pursuant to 28 U.S.C. § 1335, and that $5,279.23 in counsel fees and $1,923.85 in costs associated with bringing this action be paid from the Fund.  The IRS does not oppose the Court entering an order of default judgment against Barreto, but opposes the award of attorney's fees and costs.

## II. Discussion

### A. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 2410, which governs "[a]ctions affecting property on which the United States has lien."

### B. Standard for Default Judgment

Default may be entered against a party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, default judgment may be granted. Fed. R. Civ. P. 55(b); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc*., 175 Fed.App'x 519, 521, n.1 (3d Cir. 2006) (default judgment under Rule 55(b)(1) or (b)(2) first requires entry of default pursuant to Rule 55(a)); *Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994).

Although "the entry of a default judgment is left primarily to the discretion of the district court . . . [t]his discretion is not without limits." *Hritz v. Woma Corp*., 732 F.2d 1178, 1180–81 (3d Cir. 1984) (noting that "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable"). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d. Cir. 2000); *see Hill v. Williamsport Police Dept*., 69 Fed.App'x 49, 51 (3d Cir. 2003) (quoting *Chamberlain*, 210 F.3d 164, and noting that "*Chamberlain*, perhaps counterintuitively, applies this three-part test to the motion seeking a default judgment whereas the case on which *Chamberlain* relies—[*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984)]—sets out the test in the context of a motion to overturn a default judgment").

Applying these factors here, it is clear that default judgment is warranted. First,

3

Prismatic may suffer prejudice if default judgment is denied because it has been on notice of the IRS levy since February, 2008. This action has been pending since May, 2008, with no response or appearance from Barreto whatsoever. Next, because Barreto has not answered or otherwise appeared, the Court is unable to determine whether Barreto has any litigable defenses. Finally, there is no reason to believe that Barreto's failure to appear is the result of anything other than culpable conduct, which has been defined as "conduct . . . 'taken willfully or in bad faith.'" *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc*., 700 F.2d 120, 124 (3d Cir. 1983)).

    **C. Attorney's Fees**

The only contested issue before the Court is whether Prismatic is entitled to attorney's fees and costs associated with bringing this interpleader action. The law is clear that "'the stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien'" *Cable Atlanta, Inc. v. Project, Inc*., 749 F.2d 626, 627 (11th Cir. 1984) (quoting *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974)); *see U.S. v. Wilson*, 333 F.2d 147, 149 (3d Cir. 1964) (rejecting award of costs to stakeholder of a fund subject to a federal tax lien because to award such costs "would be to impair the value of the tax lien"); *see also Allstate Settlement Corp. v. U.S.*, No. 07-cv-5123, 2008 WL 2221897, at *6 (E.D. Pa. May 28, 2008); *Trinity Holdings, Inc. v. Firestone Bank*, No. 92-cv-203, 1994 WL 449258, at *12 (W.D. Pa. May 4, 1994), *aff'd*, 66 F.3d 313 (3d Cir. 1995); *Blue Cross of Western Pa. v. U.S. I.R.S.*, No. 92-cv-2236, 1993 WL 476203, at *2 (W.D. Pa. Aug. 9, 1993) ("[T]he existence of superior federal tax liens gives the government a statutory priority over the interpleader plaintiffs' ability to diminish the fund by an award of attorney's fees."). In this case, the amount of the Fund is less than Barreto owes to the IRS. As such, any

fees or costs awarded would reduce the monies available to pay the IRS.  This is impermissible.  *See Campagna-Turano Bakery, Inc. v. U.S.*, 632 F.2d 39, 41–42 (7th Cir. 1980) ("[A]n interpleading plaintiff cannot be awarded costs and attorneys' fees when such an award would diminish the amount available to satisfy a federal tax lien."); *Allstate Settlement Corp.*, 2008 WL 2221897, at *6 (same).

Prismatic argues that the rule precluding attorney's fees in this case should not apply because the Fund at issue here is not impressed with an IRS lien.  To the contrary, the United States has provided certified transcripts indicating the dates on which the federal tax liens were filed.  (*See* Elliot Dec. Ex. 103.)  These transcripts sufficiently establish that the IRS has obtained a lien on the Fund.

Prismatic further argues that, pursuant to the terms of the Subcontract, it is entitled to costs and attorney's fees from Barreto.  This argument is without merit.  The IRS was not a party to the Subcontract and the tax liens impressed the funds before any fees or costs were incurred.

Finally, Prismatic argues that because jurisdiction is premised on diversity, the Court must apply New Jersey law, which, it argues, permits attorney's fees in this case.  In fact, this court has jurisdiction pursuant to 28 U.S.C. §2410, which governs "[a]ctions affecting property on which the United States has a lien."

Prismatic's arguments notwithstanding, it is clear that this Court is precluded from awarding attorney's fees in this case.  Therefore, the portion of Prismatic's motion for default judgment seeking attorneys fees is denied.

### III. Conclusion

There is no dispute that Barreto has failed to timely answer or otherwise appear in this action.  Accordingly, Prismatic's motion for default judgment against Barreto is granted in the

amount of $249,122.  As addressed above, Prismatic's request for attorney's fees is denied.

**SO ORDERED.**

s/ Susan D. Wigenton, U.S.D.J.

cc:    Magistrate Judge Madeline C. Arleo